# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| CAPITAL INVENTORY, INC. | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:20-cv-3224-SEG |
| | ) | |
| v. | ) | |
| | ) | |
| CHRISTOPHER E. GREEN, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## DEFENDANTS' MOTION IN LIMINE TO EXCLUDE EVIDENCE PERTAINING TO INMAR, INC.

Pursuant to N.D. Ga. L.R. 7.1, Defendants Christopher Green ("Green"), Ryan E. Williams ("Williams"), and Meridian Inventory Services, Inc. ("Meridian"), collectively "Defendants" seek to exclude evidence from trial regarding Inmar, Inc. ("Inmar").

In this restrictive covenant, trade secret and tort suit, Plaintiff Capital Inventory, Inc. ("Plaintiff") accuses Defendants of, among other things, tortiously interfering with various contractual relationships and breaching their non-compete and non-solicitation agreements with Plaintiff, causing damages. Defendants anticipate Plaintiff's use at trial, of evidence pertaining to a non-party Inmar, Inc. Defendants contend that the Inmar-related evidence should be barred because: (1)

Plaintiff failed and refused to disclose certain Inmar information during discovery—even disavowing that they were asserting claims based on Inmar and repeatedly asserting that such information was irrelevant; and (2) assertions about damages allegedly incurred by Plaintiff due to Inmar choosing not to renew its contract with Plaintiff would be too speculative and prejudicial. For these reasons, as explained more fully herein, Defendants ask that Plaintiff be barred from introducing evidence regarding Inmar.

## FACTS

Plaintiff provides inventory services for various hospitals and pharmacies. Inmar is a hospital and pharmacy solutions provider. One service Inmar provides is the issuance of credits to hospitals and pharmacies in exchange for their expired medicine. Inmar clients can then use those credits to buy services from companies in Inmar's network. Plaintiff was in Inmar's network.

When the contract between Plaintiff and Inmar ended, neither party renewed it. Rather, Inmar contracted with WIS International, Inc. ("WIS"). Some Inmar clients ceased working with Plaintiff once Plaintiff's contract with Inmar ended. (McArthur 30(b)(6) Depo. 31:20-32:6, 33:7-23, Doc. No. 127-3 (under seal)).

### A.    During Discovery, Plaintiff Failed and Refused to Provide Information Defendants Sought regarding Inmar.

On May 26, 2021, Plaintiff served Plaintiff's Responses and Objections to Defendants' Third Request for Production of Documents to Plaintiff on Defendants. (Doc. No. 109). As part of those requests, Defendants asked that Plaintiff provide documents concerning Inmar. Indeed, Request Number 8 asked for, "A true and accurate copy of each and every of Capital's contracts with Inmar between October 1, 2018, and the present." Plaintiff objected, stating,

> Plaintiff objects to this Request on the grounds that it is overbroad in scope, temporally overbroad, is unduly burdensome, and seeks information and documents **neither relevant to the parties' claims** or defenses nor proportional to the needs of the case. **For example, Plaintiff has not alleged that Defendants tortuously (sic) interfered with any contract between it and Inmar**; thus it is unduly burdensome to request Plaintiff to search for contracts unrelated to any fact or issue in dispute.

(Oluyemi Decl., ¶ 2 and Exhibit A thereto). (Emphasis added). Plaintiff never produced its contract(s) with Inmar.

Nor did Plaintiff produce various other, requested documents related to Inmar. In Request Number 9, Defendants asked for "True and accurate copies of all minutes of Capital management meetings held between October 1, 2018 to July 31, 2020 in which Inmar is discussed." In response, Plaintiff objected stating,

> Plaintiff objects to this Request on the grounds that it is overbroad in scope, temporally overbroad, is unduly burdensome, and seeks information and documents neither relevant to the parties' claims or defenses nor proportional to the needs of the case…"

(Oluyemi Decl., ¶ 2 and Ex. A).

**B.      Plaintiff's Complaint, Initial Disclosures, Supplemental Disclosures, and Certain Deposition Testimony Omit Information about Inmar and Related Damages.**

It is not surprising that Plaintiff disclaimed making any **claims** about Inmar. Plaintiff did not include information about Inmar in its Verified Complaint. (Doc. No. 1). It is also not surprising that Plaintiff did not claim **damages** based on Inmar. Plaintiff did not include Inmar-related information in Plaintiff's Initial or Supplemental Disclosures. (Oluyemi Decl., ¶ 3 and Exhibit B thereto). Yet, the Northern District of Georgia's Local Rules contain an Appendix, specifically requiring Plaintiff to compute any damages and identify any documents from which such computation is based. It states,

> In the space provided below, <u>provide a computation of any category of damages claimed by you</u>. In addition, include a copy of, or describe by category and location of, <u>the documents or other evidentiary material</u>, not privileged or protected from disclosure, <u>on which such computation is based</u>, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying (Rev. 03/01/11) APP.B - 4 as under Fed.R.Civ.P. 34. (Attach any copies and descriptions to Initial Disclosures as Attachment D.)

N.D. Ga. L.R. 26 and Appendix B thereto (emphasis added).

Further, when Defendants deposed Plaintiff and asked about "all" of Plaintiff's alleged damages, Plaintiff never included information about Inmar; at

most, Plaintiff claimed lost revenue from business that went over to Defendant Meridian—not lost revenue from a client like Inmar who never used Defendant Meridian for inventory services.

Plaintiff testified:

> Q. So within this litigation, Capital is seeking damages against Defendants. Can you estimate the damages that are being requested or that will be requested at the conclusion of the hearing?
>
> A. All damages?
>
> Q. Yes, please.
>
> A. As of today, the 15th, we're looking at $30,000 for damages for having to train 60 employees that left to go to Meridian. We're looking at $20,000 in damages of time wasted conducting Meridian business during business hours at Capital, with Capital employees. I've estimated there's been 40-plus meetings conducted at Capital Inventory. These meetings, they would last from one to three hours, so we're looking at around 150 hours wasted, and that is a minimal number.
>
> Our attorney's fees, let me look at my notes to see exactly where we're at with attorneys fees. Right now with attorneys fees, Capital has already spent $238,175.50. We have a balance outstanding to them right now for $25,947.50. We'll also ask damages for the forensics. That number is at -- from Sullivan-Strickler that number is at $9,375.
>
> Lost revenue to business that has went over to Meridian, that number is -- the total sales is $338,834.83, but we'll

> only be asking for the profits of that, which would be
> $100,295.10.
>
> So as of today, the total is $423,793.30. These numbers are
> just as of today and they will continue to go up as time
> goes on and the more things we find out.

 (McArthur 30(b)(6) Dep. 51:1-52:11, Doc. No. 127-3). Thus, in categorizing "all" damages and providing an amount, Plaintiff never included Inmar. (*See id.*).

During discovery, both parties requested some discovery with respect to Inmar. Plaintiff requested that "Inmar" be included as a search term in the forensic review of Defendants' laptops and email accounts. (Doc. 90-1). Despite this, Plaintiff declared Inmar-related discovery irrelevant when Defendants sought information from Plaintiff.

On March 29, 2022, the Court issued an Order on the Parties' cross Motions for Summary Judgment, and in so deciding, held that Defendant Williams breached paragraphs 4.1 and 4.2 of his Employment Agreement by disclosing information regarding the Inmar-Capital Contract to WIS. (Order on Motions for Summary Judgment, Doc. No. 154 at 41). However, this Court did not rule that Williams' breach caused Inmar not to renew its contract with Capital and to instead go with WIS, causing Plaintiff damages.

## ARGUMENT

### I.    Standard of Review.

This Court has broad discretion to determine the admissibility of evidence. *United States v. McLean*, 138 F.3d 1398, 1403 (11th Cir. 1998). It is common (and practical) for parties to use motions in limine to settle any evidentiary disputes before trial. It avoids unnecessary time spent with objections and it prevents the ultimate fact finder from having access to information that may confuse the issues or unfairly prejudice one party. "The real purpose of a motion in limine is to give the trial judge notice of the movant's position so as to avoid the introduction of damaging evidence which may irretrievably affect fairness of the trial." *Luce v. United States,* 469 U.S. 38, 41 (1984).

### II.    Plaintiff's Discovery Conduct Bars Plaintiff from Introducing Inmar Evidence or Asserting Inmar Damages at Trial.

Congress has provided for a self-executing sanction for failure to make a disclosure under Rule 26(a). Under Rule 37(c)(1), a party that "fails to provide information…as required by Rule 26(a)…is not allowed to use that information to supply evidence on a motion, at a hearing or at a trial, unless the failure was substantially justified or is harmless." Fed.R.Civ.P. 37(c)(1). "The burden of establishing that a failure to disclose was substantially justified or harmless rests on the nondisclosing party." *Mitchell v. Ford Motor Co.*, 318 F. App'x 821, 824 (11th

Cir. 2009) (unpublished) (quoting *Leathers v. Pfizer, Inc.*, 233 F.R.D. 687, 697 (N.D. Ga. 2006)); *see also Cooley v. Great S. Wood Preserving*, 138 F. App'x 149, 160-61 (11th Cir. 2005) (unpublished); *Incardone v. Royal Caribbean Cruises, Ltd.*, No. 16-20924- CIV, 2019 WL 2709810, at *7 (S.D. Fla. June 28, 2019); *Eli Research LLC v. Must Have Info Inc.*, No. 2:13-cv-695, 2015 WL 6501070, at *2 (M.D. Fla. Oct. 22, 2015).

Here, Plaintiff cannot meet its burden to show that its failure (and refusal) to disclose is justified or harmless. Plaintiff failed to disclose even: (1) its contract with Inmar; or (2) calculations explaining damages allegedly caused by losing its Inmar contract to WIS. Because Plaintiff failed (and refused when asked) to meet the requirements of Rule 26, Plaintiff should be barred from introducing such evidence at trial. *See Mitchell*, 318 F. App'x at 824; *Cooley*, 138 F. App'x at 160-61; *Incardone*, 2019 WL 2709810, at *7; *Eli Research*, 2015 WL 6501070, at *2.

Further, Plaintiff was specifically asked the relevant questions. It represented to Defendants that Plaintiff's contract with Inmar and management discussions regarding Inmar were irrelevant to its own claims. Discovery was open for at least eight months. (*See* Doc. Nos. 36, 97). Discovery has been closed for well over a year. (*See* Doc. No. 97). Plaintiff should be barred from presenting evidence regarding losing the Inmar contract. Nor should Plaintiff be allowed to back-door

such evidence in by asserting that damages it allegedly suffered from the cessation of the Capital-Inmar contract are the damages it allegedly suffered when Defendant Williams allegedly got Inmar to replace Plaintiff with third-party, WIS, Inc.

### III.   Evidence regarding Inmar-Related Damages is Unfairly Prejudicial.

Lost profits may be recoverable as a remedy for misappropriation of trade secrets. O.C.G.A. § 10-1-763. However, Plaintiff must show that the lost profits it seeks to recover are "traceable directly to the defendant's wrongful act." *Johnson County School District v. Greater Savanna Lawn Care,* 278 Ga. App. 110, 112 (2006)). In other words, "a recovery may be had for loss of profits, provided their loss is the proximate result of the defendant's wrong and [the lost profits] can be shown with reasonable certainty." *In re Graham*, 2009 WL 8590644, *4 (S.D. Ga. 2009) quoting *Gipson v. Phillips*, 232 Ga. App. 235, 236 (1998).

Again, the Inmar-Capital Contract expired on or before June 1, 2020, because according to Capital, it was not renewed. (McArthur 30(b)(6) Depo. 31:20-32:6, 33:7-23, Doc. No. 127-3 (under seal)). After, the expiration of that Contract, Defendant Williams sent the June 29, 2020, email addressed by the Court's Order. Even the Court, in agreeing with Plaintiff's narrative on this issue stated:

> Plaintiff refers to a June 29, 2020 email between Defendant Williams and a WIS employee who asked direct billing practice questions which Defendant Williams responded to with the requested information.

> Dkt. No. [119-4] at 27. **This email exchanged concerned one client, Inmar, that had previously terminated its contract with Plaintiff** and was negotiating its "scope of work" to hire WIS as its inventory services vendor. Dkt. No. [125] at 223.

(Doc. No. 154. (emphasis added)).

There certainly is no evidence that Inmar's decision to use a different provider was due in any way to the email sent by Defendant Williams weeks after the expiration of that Contract. The evidence is even not relevant (as underscored by Plaintiff's own position) and unduly prejudicial to Defendants. Rule 403 provides for the exclusion of relevant evidence when "its probative value is substantially outweighed by a danger of ... unfair prejudice." Fed. R. Evid. 403. The potential for unfair prejudice in this case if Plaintiff is permitted to reference the Inmar-Capital Contract or any dealings arising out of the contract, is great. It would confusion the jury by tempting them to calculate damages with Inmar in mind. It could cause an inflated damages amount.

## IV.    Evidence regarding Inmar-Related Damages is Speculative.

It is anticipated that lost profits will be sought by Plaintiff stemming from the Inmar-Capital Contract. This claim is simply conjecture. Although lost profits are theoretically one avenue of recovery, they are generally disfavored under Georgia law. *Acrylicon USA, LLC v. Silikal GmbH*, 985 F.3d 1350 (11th Cir. 2021), (quoting

*Johnson County School District v. Greater Savannah Lawn Care*, 278 Ga. App. 110, 112 (2006).   However, lost profits are only available "if the lost profits are ascertainable with reasonable certainty and are not too uncertain, speculative or remote to afford a reliable basis for computation." *Fidelity Nat. Bank v. Wood*, 189 Ga. App. 109, 110 (1988); *see also Morey v. Brown Mill. Co*., 220 Ga. App. 256, 259 (1996) ("It is well settled that there can be no recovery on a claim for loss of expected profits except where such loss can be shown with reasonable certainty"); *Smith v. A.A. Wood & Son C*., 103 Ga. App. 802, 808 (1961) ("[T]here is no right to recover profits lost where the damages are not so foreseeable or the amount cannot be ascertained with reasonable certainty from the evidence"); *Castle McCulloch v. Freedman,* 169 N.C. App. 497, 501-502 (2005). In addition, a plaintiff seeking lost profits must provide "information or data sufficient to enable the trier of fact to estimate the amount of loss with reasonable certainty." *Bearoff v. Craton*, 830 S.E.2d 362, 373 (Ga. Ct. App. 2019). Likewise, to be recoverable, "[d]amages growing out of a breach of contract . . . must be such as could be traced solely to the breach, be capable of exact computation, must have arisen according to the usual course of things, and be such as the parties contemplated as a probable result of such breach." *Bauer v. N. Fulton Med. Ctr., Inc.,* 241 Ga. App. 568, 572 (1999).

Plaintiff cannot prove the existence of the lost profits regarding the Inmar-Capital Contract with reasonable certainty. Plaintiff failed to produce the Contract or any information regarding the events leading up to the decision not to renew the contract. Plaintiff did not produce invoices sent to Inmar or vice versa for services rendered or received in the same manner that it produced volumes of invoices it sent to other customers. Without this evidence and more, Plaintiff's claim is doomed. Plaintiff has already deemed the evidence surrounding the alleged wrongful action to be irrelevant to the instant action and has failed to demonstrate the existence of any lost profits. Accordingly, any such evidence should be excluded, and Plaintiff should be prevented from seeking any damages for lost profits relating to the Inmar-Capital Contract or Defendant Williams' June 29, 2020 email to WIS.

## CONCLUSION

After failing to disclose the existence of alleged lost profits from the Inmar-Capital Contract, and after declaring any information relative to the Inmar-Capital Contract irrelevant, Plaintiff intends to use that very information to present unfairly prejudicial evidence and arguments seeking speculative damages against Defendants. It is too late for Plaintiff to take that position. Any evidence regarding a claim for lost profits or other damages regarding Inmar's cessation of business with Plaintiff must be excluded.

Respectfully submitted this 7th day of November 2022.

/s/ Sherifat O. Oluyemi

Sherifat O. Oluyemi
Georgia Bar No.: 254547
Law Office of Sheri Oluyemi, LLC
2727 Paces Ferry Rd SE Suite 750
Atlanta, GA 30339
soluyemi@losollc.com
Telephone: 404-500-6202
Facsimile: 404-496-7202

/s/ Jamala McFadden

Halima Horton White
Georgia Bar No. 367888
Jamala S. McFadden
Georgia Bar No. 490959
The Employment Law Solution
McFadden Davis, LLC
800 Mt. Vernon Hwy, NE Suite 410
Atlanta, GA 30328
jmcfadden@theemploymentlawsolution.com
Telephone: (678) 424-1380
Facsimile: (404) 891-6840

Attorneys for Defendants

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1(D), I hereby certify that the foregoing has been prepared in compliance with Local Rule 5.1(B) in 14-point New Times Roman type face.

/s/ Sherifat O. Oluyemi

Sherifat O. Oluyemi

## **CERTIFICATE OF SERVICE**

I certify that I served a copy of Defendants' Motion in Limine to Exclude Evidence Regarding Inmar by filing a copy with the Court's ECF System, which will automatically send a copy to counsel of record.

Respectfully submitted this 7th day of November 2022.

/s/ Sherifat O. Oluyemi

Sherifat O. Oluyemi
Georgia Bar No.: 254547