# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| CAPITAL INVENTORY, INC. | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:20-cv-3224-SEG |
| | ) | |
| v. | ) | |
| | ) | |
| CHRISTOPHER E. GREEN, et al. | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' MOTION IN LIMINE TO EXCLUDE SHANNON McARTHUR'S TESTIMONY REGARDING DAMAGES

Defendants Christopher Green, Ryan E. Williams, and Meridian Inventory Services, Inc. (collectively "Defendants"), move the Court for a pretrial ruling barring any testimony or reference at trial to certain issues relating to Plaintiff's claimed damages. Specifically, Defendants move for an order excluding Shannon McArthur ("McArthur"), President and Chief Operating Officer of Capital Inventory, Inc. ("Plaintiff"), from providing testimony concerning alleged damages to Plaintiff in the form of i) profit margin and lost profits ii) damages for "time wasted" on allegedly holding meetings related to Meridian business while performing work as employees of Plaintiff, iii) and damages for the cost of replacing employees Plaintiff alleges Defendants solicited.

I.   **STATEMENT OF FACTS**

 A. **Background.**

This case arises out of the end of Defendants Christopher Green and Ryan Williams' employment with Plaintiff, Capital Inventory, Inc. ("Plaintiff" or "Capital") and their operation of Meridian Inventory Services, Inc. ("Defendant Meridian"). (Verified Complaint, Doc. No. 1). Plaintiff filed a complaint against Defendants asserting claims for Breach of Contract, Violation of the Defend Trade Secrets act, 18 U.S.C. § 1836, violation of the Computer Fraud and Abuse Act, Tortious Interference, and Breach of Fiduciary Duty. *Id*. All claims stem from Plaintiff's allegations that Defendants Green and Williams illegally used their positions to solicit customers and employees of the Plaintiff and for the benefit of their newly formed company, Defendant Meridian.

 B. **McArthur's Testimony.**

Defendants served on Plaintiff, a Notice of taking a Rule 30(b)(6) Deposition of a corporate representative, and on January 15, 2021, Plaintiff designated McArthur as the Company's corporate representative for certain topics. During the deposition, McArthur testified on the topic of damages sought by Plaintiff in this action. In doing so, Mr. McArthur testified to the following damages:

- $30,000 for damages in having to "train 60 employees that left to go to Meridian";

- $20,000 in damages in "time wasted conducting Meridian business during business hours at Capital, with Capital employees" for what he "estimated there's been 40-plus meetings conducted at Capital Inventory" that he testified would "last from one to three hours";

- $238,175.50 in attorneys' fees to that date;

- $9,375 in forensic expenses; and

- $338,834.83 for lost revenue.

30(b)(6) Deposition of Capital Inventory, Inc by Shannon McArthur, Doc. No. 117-10 at 51:14-21). As the corporate representative during that deposition, McArthur did not claim to have, nor does he have, personal knowledge of any time Capital employees alleged spent working on Meridian business. Indeed, he admits that he only learned of the alleged "wasted time" through "the employees that they solicited that stayed. They told us who all was over there." (Doc. No. 117-10 at 51:18-19). He also testified that Plaintiff intends to seek $100,295.10 for lost profits based on the Company's profit margin of 29.6% but, he did not elaborate on how he came to calculate that metric. (Doc. No. 117-10 at 51:17-19).

## II.   ARGUMENT

### A. Standard of Review.

This Court has broad discretion to determine the admissibility of evidence. *United States v. McLean*, 138 F.3d 1398, 1403 (11th Cir. 1998). It is common (and practical) for parties to use motions *in limine* to settle any evidentiary disputes before trial. It avoids unnecessary time spent with objections and it prevents the ultimate fact finder from having access to information that may confuse the issues or unfairly prejudice one party. "The real purpose of a motion in limine is to give the trial judge notice of the movant's position so as to avoid the introduction of damaging evidence which may irretrievably affect fairness of the trial." *Luce v. United States,* 469 U.S. 38, 41 (1984).

### B. McArthur is not qualified to testify as to Plaintiff's damages at trial.

It is anticipated that McArthur will testify to the Company's alleged profit margin, lost profits, "wasted time", cost of replacing solicited employees and other damages sought in this matter. McArthur is not qualified to testify on those matters. Indeed, these valuations require more than a basic mathematical calculation. Instead, it requires a technical or specialized explanation of which only a Rule 702 qualified expert can provide.

Rule 701 does permit a lay witness to testify as to opinions that are "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." While executives, like McArthur *can* testify as to certain damages, they are "not permitted to give lay testimony on matters that go beyond straightforward common-sense calculations." *Kipperman v. Onex Corp.,* No. 1:05-cv-01242-JOF, 2010 WL 11505688, at *21 (N.D. Ga. Sept. 29, 2010).

Generally, federal courts allowing owners or officers of a business to testify on lost profits have been limited to cases where the alleged damages are based upon the personal knowledge of the witness and can be readily confirmed by the company's financial statements through basic mathematics. Nevertheless, "[a] corporate officer does not, however, have carte blanche authority to offer his or her lay opinion as to any possible valuation without restraint." *Gallagher Benefit Servs. v. Campbell*, 528 F. Supp. 3d 1326, 1351 (N.D. Ga. 2021). Valuation testimony is inadmissible under Rule 701 when the calculation involves technical judgment and requires more than applying basic mathematics. *Omni Health Sols. v. Zurich Am. Ins. Co.*, No. 19-12406, at *39 (11th Cir. May 21, 2021) ("Rule 701 was amended to "eliminate the risk that the reliability requirements set forth in Rule 702 would be

evaded through the simple expedient of proffering an expert in lay witness clothing"). *See also, James River Ins. Co. v. Rapid Funding, LLC*, 658 F.3d 1207, 1214 (10th Cir. 2011); (barring an owner's testimony about the valuation of company losses); *Compania Adinistradora de Recuperacion de Activos Administradora de Fondos Sociedad Anonima v. Titan Int'l, Inc.*, 533 F.3d 555, 560 (7[th.] Cir. 2008) (preventing corporate president and CEO from offering testimony because "[h]is attempt at valuation was not based on any knowledge obtained through his special relationship with the items in question").

McArthur is not qualified to offer testimony regarding Plaintiff's alleged profit margin, lost profits, and other damages valuations.

### C. McArthur is not a competent witness regarding Plaintiff's "wasted time" claim for damages because his testimony will be based on inadmissible hearsay.

The Federal Rules of Evidence dictate when a lay witness is qualified to testify at trial. Pursuant to Rule 602, "[a] witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Evidence to prove personal knowledge may consist of the witness's own testimony." *See* Fed. R. Evid. 602.

Here, some of McArthur's anticipated trial testimony is not based on his own personal knowledge and his opinion testimony is inadmissible. The valuation of

"wasted time" is not based on McArthur's own perception. Rather, he admittedly relies upon statements of employees who he claims were solicited by Defendants to work for Meridian. See, Doc. No. 117-10 at 51:18-19. Without those hearsay statements, he would have no basis to assert the alleged claim, and thus his testimony on those matters must be excluded.[1]

**D. McArthur's testimony regarding these damages is far too speculative.**

"In order for a business to recover lost prospective profits, it must prove not only that the defendant's action caused the damage but also that there is some standard by which the amount of damages is adequately determined." *KMS Rest. Corp. v. Wendy's Int'l, Inc.*, 194 F.App'x 591, 602 (11th Cir. 2006). Indeed, a plaintiff seeking lost profits must provide "information or data sufficient to enable the trier of fact to estimate the amount of loss with reasonable certainty." *Bearoff v. Craton*, 830 S.E.2d 362, 373 (Ga. Ct. App. 2019). Moreover, "if a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is: (a) rationally based on the witness's perception…" F.R.E. 701.

Here, McArthur's testimony is unreliable. As mentioned above, his estimates regarding the alleged damages are speculative at best. Under Rule 403 of the Federal

---

[1] Unlike Plaintiff's objections to certain evidence proffered by Defendants, McArthur would be tendering this evidence to establish the truth of the contents of the statement. No hearsay exception or exemption is applicable.

Rules of Evidence, a trial court may exclude relevant evidence if its probative value is substantially outweighed by a danger of, among other things, unfair prejudice, confusing the issues, or misleading the jury. *See* Fed. R. Evid. 403. McArthur's executive position requires the Court to take special care to prevent unfair prejudice against Defendants. As the President and Chief Operating Officer, there is significant risk that the jury may improperly give his testimony more weight than is permissible under the Federal Rules of Evidence and seriously bias the jury to make several unfounded assumptions.

For instance, the jury would assume that Defendants' conduct caused 60 employees to leave Plaintiff's employ. However, there's no foundation for McArthur's assertions, nor any showing that the employees left Plaintiff's employ because of Defendants. Indeed, at least two of Meridian's employees that are former Capital employees were involuntarily terminated by Capital. Defendants are not liable for the cost to replace an employee that Plaintiff terminated, yet his calculations apparently include the cost to replace that individual. In sum, McArthur's anticipated testimony lacks foundation, is based on inadmissible hearsay, and should be kept from the jury's consideration.

## III.    CONCLUSION

McArthur's testimony on the issue of the alleged damages must be excluded. He is not qualified to give his opinion on the topic and his anticipated testimony is not based on his own personal knowledge or observation and has a significant risk of confusing the jury and preventing Defendants from fully and fairly defending against Plaintiff's claims. Accordingly, Defendants request that the Court grant their Motion and exclude admission of the evidence.

Respectfully submitted this 11th day of November 2022.

/s/ Sherifat O. Oluyemi

Sherifat O. Oluyemi
Georgia Bar No.: 254547
Law Office of Sheri Oluyemi, LLC
2727 Paces Ferry Rd SE Suite 750
Atlanta, GA 30339
soluyemi@losollc.com
Telephone: 404-500-6202
Facsimile: 404-496-7202

/s/ Jamala McFadden

Halima Horton White
Georgia Bar No. 367888
Jamala S. McFadden
Georgia Bar No. 490959
The Employment Law Solution
McFadden Davis, LLC
800 Mt. Vernon Hwy, NE Suite 410
Atlanta, GA 30328
jmcfadden@theemploymentlawsolution.com

Telephone: (678) 424-1380
Facsimile: (404) 891-6840

*Attorneys for Defendants*

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(D), I hereby certify that the foregoing has been prepared in compliance with Local Rule 5.1(B) in 14-point New Times Roman type face.

*/s/ Sherifat O. Oluyemi*

Sherifat O. Oluyemi

## CERTIFICATE OF SERVICE

I certify that I served a copy of Defendants' Motion In Limine To Exclude Shannon McArthur's Testimony Regarding Damages by filing a copy with the Court's ECF System, which will automatically send a copy to counsel of record.

Respectfully submitted this 11th day of November 2022.

*/s/ Sherifat O. Oluyemi*

Sherifat O. Oluyemi