## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

CAPITAL INVENTORY, INC.,     )
                                 )     Civil Action No.:
     Plaintiff,        )
                                 )     1:20-cv-3224-SEG
v.                             )
                               )
CHRISTOPHER E. GREEN, et al.     )
                               )
     Defendants.       )
_____)

### PLAINTIFF'S MOTION IN LIMINE AND INCORPORATED
### MEMORANDUM OF LAW IN SUPPORT THEREOF

Plaintiff Capital Inventory, Inc. ("Capital") files this Motion in Limine to prohibit Defendants from introducing the following at trial:

1.    Evidence of Defendants' alleged counterclaim damages;

2.    Opinion testimony from Defendants' purported expert witness, Jim Watt;

3.    Evidence of the Court's previous blue penciling of the Individual Defendants' restrictive covenants; and

4.    Testimony from Corey Simmons and Charles Giles.

Capital addresses each argument separately below.

## ARGUMENT AND CITATION TO AUTHORITY

This Court has broad authority to rule on motions in limine, which stems from its inherent authority to manage the course of trials. <u>Hi-Tech Pharm., Inc. v. Dynamic Sports Nutrition</u>, LLC, No. 1:16-cv-949-MLB, 2021 U.S. Dist. LEXIS 97568, at *4 (N.D. Ga. May 24, 2021) (citing <u>Luce v. United States</u>, 469 U.S. 38, 41 n.4 (1984)) ("Trial judges may rule on motions in limine under the inherent authority to manage the course of trials."). This Court should exercise its authority to exclude the following:

### A.   **The Court Should Exclude Evidence of Defendants' Alleged Counterclaim Damages.**

Local Rule 16.4(B)(15)(c) requires Defendants to include as part of the Consolidated Pretrial Order, "An outline of defendant's case which shall include . . .

> (c) A separate statement for each item of damage claimed in a counterclaim which shall contain a brief description of the item of damage, the dollar amount claimed, and citation to law, rule, regulation, or any decision which authorizes a recovery for that particular item of damage. Items of damage not identified in this manner shall not be recoverable."

Defendants' outline of the case is contained in Attachment D to the parties' Consolidated Pretrial Order. [Doc. 170 at 7 ¶ 15.] In their outline, Defendants acknowledge that:

> For any counterclaim, the Defendant shall separately provide the following information for each item of damage claimed: (a) a brief

-2-

description of the item claimed; (b) the dollar amount claimed; and (c) a citation to the law, rule, regulation, or any decision authorizing a recovery for that particular item of damage. ***Items of damage not identified in this manner shall not be recoverable***.

[*Id.*] (emphasis in original).  Despite this acknowledgment, Defendants' Attachment D fails to include the required statements of alleged damages claimed for each counterclaim, including a brief description and dollar amount claimed for each item of damage.  [*See* Doc. No. 170-6 at 6-7.]  Indeed, Defendants fail to identify any "dollar amount claimed."  [*Id.*]

The Consolidated Pretrial Order requires Defendants to identify any "dollar amount claimed" and warns, "***Items of damage not identified in this manner shall not be recoverable***."  [Doc. No. 170 at 7 ¶ 15] (emphasis in original).  The purpose of this required disclosure is to prevent the clear prejudice to Capital that will result if Defendants are allowed to identify and itemize their alleged damages for the first time at trial.  Such an outcome is unjust given the clear requirements of the Local Rules and Defendants' acknowledgment of same.  Because Defendants failed to identify any "dollar amount claimed," the Court should prohibit Defendants from introducing evidence of any alleged counterclaim damages for the first time at trial.

**B.**     **The Court Should Prohibit Opinion Testimony from Defendants'
Purported Expert Witness, Jim Watt.**

Local Rule 16.4(B)(18)(a) requires that, as part of the Consolidated Pretrial

Order, "Each party shall also attach to the party's list a reasonably specific summary

of the expected testimony of each expert witness."  The parties' Consolidated

Pretrial Order specifically restates this language verbatim, "**Each party shall also**

**attach to this list a reasonably specific summary of the expected testimony of**

**each expert witness**."  [Doc. 170 at 12 ¶ 18] (emphasis in original).  Defendants'

Attachment F-2 to the Consolidated Pretrial Order identifies their witnesses,

including Jim Watt under the heading, "Expert Witnesses."  [Doc. No. 170-9 at 6.]

Defendants, however, fail to include a "reasonably specific summary of the expected

testimony" of Mr. Watt.  [*Id.*]  Indeed, Defendants fail to summarize any of Mr.

Watt's expected testimony; instead, they only identify his business address.  [*Id.*]

Notwithstanding that the Consolidated Pretrial Order specifically requires

Defendants to provide "a reasonably specific summary of the expected testimony of

each expert witness," [Doc. 170 at 12 ¶ 18], Defendants fail to provide any such

summary for Mr. Watt.  [Doc. No. 170-9 at 6.]  Thus, the Court should exclude any

opinion from Mr. Watt.

**C.**     **The Court Should Exclude Evidence of or Reference to the Court's Previous Blue Penciling of the Individual Defendants' Restrictive Covenants.**

The Court previously blue penciled some of the Individual Defendants' restrictive covenants.   Specifically, the Court blue penciled the Individual Defendants' non-solicitation of customers provision and non-solicitation of employees provision in its Order on Capital's Renewed Motion for Temporary Restraining Order.  [Doc. 40 at 8-18.]   In its Order on the parties' motions for summary judgment, the Court: (1) declined to revisit its prior rulings modifying these provisions [Doc. 154 at 7 n.2, 20]; and (2) blue penciled the provision prohibiting the Individual Defendants from competing against Capital while they were employed by Capital.  [Doc. 154 at 14-15.]  Additionally, the Court granted summary judgment in Capital's favor regarding (1) the Individual Defendants' breach of the blue penciled non-competition provision while employed by Capital; and (2) Defendant Williams' breach of the blue penciled non-solicitation provisions. [*Id.* at 15-19, 26-27, 31-33.]  Other claims for breaches of the blue penciled non-solicitation provisions remain for the jury to decide at trial.  [*Id.* at 27-28, 33.]

In their outline of the case contained in Attachment D to the parties' Consolidated Pretrial Order, Defendants refer to the Court's blue penciling ("those provisions were so broad that the Court had to revise them just to make them legally

enforceable."). [Doc. 170-6 at 1.] Defendants' reference suggests that they intend to inform the jury about the Court's blue penciling and insinuate that a negative inference should be drawn against Capital because the original language in the blue penciled covenants needed some modification. As the Court has held, however, "enforceability of a restrictive covenant is a legal question for the court, rather than jury, to decide." [Doc. 154 at 6] (citing *Lapolla Indus., Inc. v. Hess*, 750 S.E.2d 467, 473 (Ga. Ct. App. 2013). Thus, that the Court blue penciled some of the Individual Defendants' restrictive covenants is not relevant evidence. *See Fed. R. Evid.* 401. Assuming arguendo that it is relevant evidence, then the Court should still exclude it because it will mislead the jury, confuse the issues, and unfairly prejudice Capital. *See Fed. R. Evid.* 403. More specifically, courts routinely blue pencil covenants and the Court should not permit Defendants to insinuate that Capital acted improperly by requiring them to execute restrictive covenants that this Court later found slightly overbroad. Accordingly, the Court should prohibit Defendants from making any reference to the Court's blue penciling, including the unenforceability of any restrictive covenants prior to the Court blue penciling them.

**D.     The Court Should Exclude All Testimony from Corey Simmons and Charles Giles**

As an exhibit to the Consolidated Pretrial Order, Defendants submitted their Witness List which identified Corey Simmons and Charles Giles as witnesses whom

Defendants may call at trial. [Doc. 170-9 at 3-4.]  Simmons and Giles, however, have never been identified as potential witnesses in this case.  Indeed, Defendant have identified potential witnesses in their: (1) Initial Disclosures; (2) Responses to Capital's First Interrogatories; (3) Supplemental Initial Disclosures; and (4) Supplemental Responses to Capital's Interrogatories.  At no time have Defendants ever identified Simmons or Giles.

Under Rule 37(c)(1) of the Federal Rules of Civil Procedure, "if a party fails to provide information or **identify a witness** as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." *Fed. R. Civ. P.* 37(c)(1) (emphasis added).  This penalty for failing to disclose a witness is justified because the initial disclosure requirements of Rule 26 are "fundamental to the orderly, efficient, cost-effective and fair litigation of civil cases[.]" *Davis v. Green,* No. 1:12-cv-3549, 2015 U.S. Dist. LEXIS 71691, at *4-5 (N.D. Ga. June 3, 2015) (undisclosed witnesses excluded because failure to disclose prevented meaningful discovery regarding the witnesses pre-trial).  Furthermore, that Simmons and Giles are former Capital employees does not excuse Defendants' failure to identify them as potential witnesses or permit Defendants to call them at trial.  Indeed, the Eleventh Circuit has rejected this exact argument. *Nance v. Ricoh.*

*Elecs., Inc.,* 381 Fed. Appx. 919, 923 (11th Cir. 2010) (that the witnesses in question "where either current or former REI employees with whom REI was familiar" does not eliminate prejudice as failure to disclose witnesses meant REI did not "have the opportunity to depose them and conduct thorough discovery"). Accordingly, the Court should exclude all testimony from Simmons and Giles.

For these reasons, Capital respectfully respects that the Court GRANT this Motion and enter an Order prohibiting Defendants from introducing the following at trial:

      a.    Evidence of Defendants' alleged counterclaim damages;

      b.    Opinion testimony from Defendants' purported expert witness, Jim Watt;

      c.    Evidence of the Court's previous blue penciling of the Individual Defendants' restrictive covenants; and

      d.    Testimony from Corey Simmons and Charles Giles.

Respectfully submitted this 11th day of November, 2022.

*/s/ Robert W. Capobianco*
Robert W. Capobianco
Georgia Bar No. 106102
Adriana R. Midence
Georgia Bar No. 142298
**JACKSON LEWIS P.C.**
171 17th Street NW, Suite 1200
Atlanta, Georgia 30363
Tel: (404) 525-8200
Fax: (404) 525-1173
Robert.Capobianco@jacksonlewis.com
Adriana.Midence@jacksonlewis.com

**ATTORNEYS FOR PLAINTIFF**

## **CERTIFICATION**

In accordance with Civil Local Rules 5.1C and 7.1D, I hereby certify that this

document has been prepared in 14 point, Times New Roman font.

/s/ Robert W. Capobianco
Georgia Bar No. 106102

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| CAPITAL INVENTORY, INC., | ) | |
| | ) | Civil Action No.: |
| Plaintiff, | ) | |
| | ) | 1:20-cv-3224-SEG |
| v. | ) | |
| | ) | |
| CHRISTOPHER E. GREEN, et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that, on this 11th day of November, 2022 the foregoing

**PLAINTIFF'S MOTION IN LIMINE AND INCORPORATED**

**MEMORANDUM INSUPPORT THEREOF** was filed with the Court's CM/ECF

system which will send a copy to:

Sherifat Oluwaseun Oluyemi
Jamala McFadden
Halima Horton White


*/s/Robert W. Capobianco*
Georgia Bar No. 106102