UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CAPITAL INVENTORY, INC., <br><br> Plaintiff, <br><br> v. <br><br> CHRISTOPHER E. GREEN, et al., <br><br> Defendants. | CIVIL ACTION NO. <br><br> 1:20-CV-03224-SEG |

**O R D E R**

This case is before the Court on Defendants' motion for certain witnesses to testify remotely at trial. (Doc. 203.) The Court addressed this issue in open court on January 18, 2023, and announced that the motion would be denied. The following written order memorializes the Court's decision.

**I.   Background**

Trial in this matter is set to begin on January 24, 2023. On January 13, 2023, Defendants filed the instant motion, in which they asked the Court to permit two witnesses to testify remotely via Zoom. The first witness is Ms. Laura Lowman. Ms. Lowman is an employee of Vanderbilt University Medical Center, a customer that Plaintiff contends Defendants wrongfully solicited. (Doc. 203 at 4.) Ms. Lowman resides in Nashville, Tennessee, and Defendants

allege that she is unable to travel to Atlanta for trial due to a work conflict. (*Id.* at 5.)

The second witness is Mr. Dennis Bacon. (*Id.* at 2.) Plaintiff contends that Defendants breached their non-solicitation covenants by soliciting customers through Mr. Bacon. (*Id.*) Defendants allege that Mr. Bacon resides in Dallas, Texas, and has been advised by medical professionals not to travel "for medical reasons." (Doc. 203 at 3.) Defendants did not provide any further information about the "medical reasons" in either their emergency motion or their reply brief.

Both Mr. Bacon and Ms. Lowman appear on Defendants' proposed witness list, which was filed with the parties' consolidated proposed pretrial order on August 4, 2022. (Doc. 170-9 at 4, 6.) Trial for this case was scheduled on September 7, 2022. (Doc. 173.) The pretrial conference was held on December 20, 2022, at which Defendants expressed for the first time their desire to have certain witnesses testify remotely. (Doc. 194.) Defendants provided no details at the pretrial conference as to which witnesses they were referencing, did not provide any explanatory detail as to the basis of the request, and did not move for the Court to permit their remote testimony. On January 13, 2023, Defendants filed the instant motion. (Doc. 203.) Plaintiff opposes Defendants' motion.

## II. Discussion

Fed. R. Civ. P. 43(a) states:

> At trial, the witnesses' testimony must be taken in open court unless a federal statute, the Federal Rules of Evidence, these rules, or other rules adopted by the Supreme Court provide otherwise. For good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location.

Fed. R. Civ. P. 43(a). "Good cause and compelling circumstances usually require the 'most persuasive showings.'" *Ballesteros v. Wal-Mart Stores E., LP*, No. 2:19-CV-881-SPC-NPM, 2021 WL 2917553, at *1 (M.D. Fla. July 12, 2021) (quoting Fed. R. Civ. P. 43(a) Advisory Committee's Note to 1996 Amendment). The Advisory Committee Notes shed light on why live testimony is preferred and may be excused only "for good cause in compelling circumstances." The Notes provide:

> The importance of presenting live testimony in court cannot be forgotten. The very ceremony of trial and the presence of the factfinder may exert a powerful force for truthtelling. The opportunity to judge the demeanor of a witness face-to-face is accorded great value in our tradition. Transmission cannot be justified merely by showing that it is inconvenient for the witness to attend the trial.

Fed. R. Civ. P. 43(a) Advisory Committee's Note to 1996 Amendment. "Live testimony is the preferred method for providing a jury with evidence upon which it must reach a verdict in any case." *United States ex rel. Hockaday v.*

3

*Athens Orthopedic Clinic, P.A.*, No. 3:15-CV-122 (CDL), 2022 WL 15092294, at *1 (M.D. Ga. Oct. 26, 2022).

Further, the Advisory Committee's Notes articulate the importance of providing timely notice of a party's desire for a witness to testify remotely. "Notice of a desire to transmit testimony from a different location should be given as soon as the reasons are known, to enable other parties to arrange a deposition, or to secure an advance ruling on transmission . . . ." Fed. R. Civ. P. 43 Advisory Committee's Note to 1996 Amendment.

### A. Ms. Lowman

Defendants state that Ms. Lowman cannot attend trial because she must "oversee an inventory that is physically at Vanderbilt and that has been scheduled for months." (Doc. 203 at 5.) Defendants further cite "logistical nightmares associated with travel." (*Id.*) Under these circumstances, Defendants have failed to meet their burden under Rule 43(a). Generally, a foreseeable interruption to a busy work schedule does not itself establish good cause for remote testimony. *See, e.g.*, *Powers v. Target Corp.*, No. 19-CV-60922, 2020 WL 8970607, at *2 (S.D. Fla. Mar. 9, 2020) (concluding that "the entirely foreseeable inconvenience to [the witness] for having to interrupt his busy schedule to attend trial in person" is insufficient to show good cause); *Novello v. Progressive Express Ins.*, No. 8:19-cv-1618-KKM-JSS, 2021 WL 1751351, at

4

\*1-2 (M.D. Fla. May 4, 2021) ("[M]ere inconvenience or expense or logistical difficulties associated with travel falls short of supplying the requisite good cause under Rule 43(a)").

Additionally, Defendants had alternative means of ensuring Ms. Lowman's testimony at trial and plenty of time in which to employ those means. As noted above, Ms. Lowman was on Defendants' witness list in the parties' consolidated pretrial order filed on August 4, 2022, and this case was set for trial on September 7, 2022. Defendants could have, since that time, (a) asked to move the trial date because an important witness could not be there; (b) taken a trial deposition of Ms. Lowman; or (c) raised this issue by motion at an earlier time not on the eve of trial. Defendants did none of these things, and Plaintiff vigorously opposes the request as Plaintiff wishes to conduct cross-examination in person. Taking the foregoing facts into consideration, Defendants have not demonstrated "good cause in compelling circumstances," as required by Rule 43(a).

**B. Mr. Bacon**

Defendants state that Mr. Bacon is unable to testify in person because medical professionals have advised him not to travel. Defendants provide no details as to the nature of his health condition or why such condition prevents Mr. Bacon from traveling. That is not to discount any health difficulties Mr.

5

Bacon may be facing; the Court only observes that Defendants have the burden in the Rule 43 analysis but have failed here to provide sufficient information to show how such condition may meet the good-cause standard. If they had privacy concerns, Defendants could have provided more information about Mr. Bacon's health by declaration and moved to file it under seal. But they did not do that. On this record, the Court is left with vague allegations that fail to meet the exacting Rule 43(a) standard.

Further, the Court again has concerns with respect to Defendants' delay in raising the issue of Mr. Bacon's ability to testify in person. As with Ms. Lowman, Defendants had alternative means of obtaining Mr. Bacon's testimony for trial, including by taking a trial deposition at an earlier date. We are now on the eve of trial, such that accommodation of Defendants' in-court, untimely request for pre-trial depositions cannot be granted without significant unfairness and inconvenience to Plaintiff's counsel. Defendants have failed to meet their burden under Rule 43(a).

### III. Conclusion

For the foregoing reasons, as well as those discussed in open court, Defendants' motion for witnesses to testify remotely at trial (Doc. 203) is **DENIED**.

**SO ORDERED** this 19th day of January, 2023.

                                    */s/ Sarah E. Geraghty*
                                    SARAH E. GERAGHTY
                                    United States District Judge