UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CAPITAL INVENTORY, INC., <br><br> Plaintiff, <br><br> v. <br><br> CHRISTOPHER E. GREEN, et al., <br><br> Defendants. | CIVIL ACTION NO. <br><br> 1:20-CV-3224-SEG |

### PRETRIAL ORDER

1. There are no motions or other matters pending for consideration by the Court except as noted herein.

2. No witnesses may testify remotely by videoconference.

3. The names of the parties as shown in the caption to this Order and the capacity in which they appear are correct and complete and there is no question by any party as to the misjoinder or non-joinder of any parties.

4. The following attorneys are hereby designated as lead counsel for the parties:

    a. Plaintiff: Adriana R. Midence.

    b. Defendants: Halima H. White.

5. The parties have stipulated to the following facts:

a. Capital provides pharmaceutical inventory counting services to various universities, hospitals, and outpatient facilities across the United States. (Doc. 170-7.)

b. In February 2011, Capital hired Ryan Williams as its Director of Operations. (*Id.*)

c. In February 2020, Ryan Williams became Capital's Vice President of Operations & Sales until his resignation on May 18, 2020. (*Id.*)

d. In March 2014, Capital hired Christopher Green as its Assistant Director of Operations. (*Id.*)

e. In May 2020, after Mr. Williams resigned, Mr. Green became Capital's Director of Operations until his termination on July 14, 2020. (*Id.*)

f. While employed by Capital, Mr. Williams and Mr. Green executed Employment Agreements on September 2, 2016. (*Id.*)

g. On October 19, 2018, Mr. Williams and Mr. Green incorporated Meridian. (*Id.*)

h. Mr. Green is Meridian's Chief Executive Officer, Mr. Williams is Meridian's Chief Operating Officer, and both are managing partners of Meridian. (*Id.*)

6. At the Court's request, the parties filed proposed statements of additional fact addressing summary judgment. *See* Doc. 205-3 (Plaintiff's Proposed Statements Addressing Summary Judgment) and Doc. 206-2 (Defendants' Additional Proposed Stipulated Facts). The purpose of the Court's request was to solicit production of a joint statement to be read to the jury that correctly, succinctly, and neutrally summarizes certain pertinent findings at the summary judgment stage. A side-by-side comparison of the parties' documents shows that the parties are substantially in agreement as to how to summarize several of the findings in the summary judgment order, even if the parties' exact phrasing differs. The Court will set aside time to discuss this matter on the morning of January 24, 2023, before the arrival of the jury panel.

7. The legal issues to be tried are as follows:

   a. Whether Mr. Green and Mr. Williams breached their respective non-solicitation agreements (§ 5.1), other than with respect to Mr. Williams' solicitation of Kelvin Lawver. If so, whether such breach caused damage to Capital.

   b. Whether Mr. Green breached his customer non-solicitation agreement (§ 5.3). If so, whether such breach caused damage to Capital.

c. Whether Mr. Green and Mr. Williams breached their respective confidentiality agreements (§§ 4.1 and 4.2) by copying certain Capital files onto USB drives and retaining those files. If so, whether such breach caused damage to Capital.

d. Whether Mr. Green and Mr. Williams breached a fiduciary duty owed to Capital. If so, whether such breach caused damage to Capital.

e. Whether Defendants tortiously interfered with Capital's business and employment relationships. If so, whether such interference caused damage to Capital.

f. Whether Defendants violated the Georgia Trade Secrets Act. If so, whether such violation caused damage to Capital.

g. Whether Defendants violated the federal Defend Trade Secrets Act. If so, whether such violation caused damage to Capital.

h. Whether Capital is liable for defamation of Defendants. If so, whether such defamation caused damage to Defendants.

i. Whether Capital tortiously interfered with Defendants' business relationships. If so, whether such interference caused damage to Defendants.

    j. Whether Mr. Green's and Mr. Williams' breaches of their respective non-competition agreements (§ 5.2) caused damage to Capital.

    k. Whether Mr. Williams' solicitation of Kelvin Lawver, in violation of his non-solicitation agreement (§ 5.1), caused damage to Capital.

    l. Whether Mr. Williams' breach of his customer non-solicitation agreement (§ 5.3) caused damage to Capital.

    m. Whether Mr. Williams' disclosure of confidential information to WIS, in violation of his confidentiality agreement (§§ 4.1 and 4.2), caused damage to Capital.

    n. Whether any party is entitled to punitive damages.

8. The parties' respective witness lists have been filed on the docket. (Docs. 170-8, 202.) No party may call a witness not appearing on the cited witness lists.

9. At the end of each day of trial, counsel must inform each other and the Court of the identities of witnesses they plan to call on the following day of trial. Trial often moves more quickly than the parties anticipate. Counsel shall ensure that they have a sufficient number of witnesses for each day of trial. Witnesses may need to be taken out of order depending on scheduling and availability.

10. The parties' respective exhibit lists have been filed on the docket. (Docs. 170-10, 200.) No party may introduce evidence not appearing on the cited exhibit lists unless the Court orders otherwise.

11. The Court has ruled as follows on the parties' motions in limine (Docs. 175, 179, 180, and 203)[1]:

   a. Defendants' motion in limine to exclude evidence pertaining to Inmar, Inc. (Doc. 175) was **DENIED**.

   b. Defendants' motion in limine to exclude Shannon McArthur's testimony regarding damages (Doc. 179) was **DENIED**.

   c. Plaintiff's motion in limine to exclude all testimony from Corey Simmons and Charles Giles (Doc. 180) was **GRANTED**.

   d. Plaintiff's motion in limine to exclude evidence of Defendants' alleged counterclaim damages (Doc. 180) was **GRANTED IN PART** and **DENIED IN PART** as set forth in Doc. 198.

   e. Plaintiff's motion in limine to exclude opinion testimony from Defendants' purported expert Jim Watt (Doc. 180) was **DENIED** without prejudice.

---

[1] Defendants' motion to exclude the testimony and report of Plaintiff's purported expert, Greg Freemyer, (Doc. 174) was withdrawn.

    f. Defendants' motion for certain witnesses to testify remotely at trial (Doc. 203) was **DENIED**.

12. At the pretrial conference, there was discussion of the parties' proposed voir dire questions and objections to the same. (Doc. 170-2, 170-3, 170-4.) The Court disallowed certain questions that required prospective jurors to assume facts that are yet to be proved and thus to prejudge the case. *See Ellis v. State*, 736 S.E.2d 412, 418 (Ga. 2013).[2] The Court gave the parties the opportunity to reframe questions that were ambiguous, confusing or that called for inquiring of jurors as to whether they can accept certain propositions of law. Where a legal issue will be addressed in the jury instructions and other voir dire questions, a court does not abuse its discretion by refusing to allow specific questions about whether a venireperson can comply with it. *See United States v. Miller*, 758 F.2d 570, 573 (11th Cir.), *cert. denied*, 474 U.S. 994 (1985).

---

[2] Although state rules concerning the interrogation of potential jurors are not binding on the federal courts, *see Pointer v. U.S.*, 151 U.S. 396, 407-08 (1894), the Court finds the above-cited authority persuasive in guiding the exercise of its "wide discretion" in conducting voir dire. *Mu'Min v. Virginia*, 500 U.S. 415, 427 (1991).

13. Defendants' motion for leave to file exhibit under seal remains pending. (Doc. 178.) For good cause shown, the motion is **GRANTED**. The Clerk is directed to file Doc. 177-1 under seal.

14. It is **ORDERED** that the above constitutes the pretrial order for the above-captioned case. This pretrial order shall not be amended except by order of the Court to prevent manifest injustice.

**SO ORDERED** this 23rd day of January, 2023.

_____
SARAH E. GERAGHTY
United States District Judge